# EXHIBIT A

Law Offices of

**GRACE E. DANIELL, P.C.**

620 Lindsay Street, Suite 210
Chattanooga, TN 37403

Grace E. Daniell
gedaniell@gracedaniell.com

Telephone: 423/266-3179
Facsimile: 423/634-8991

May 30, 2014

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**7009 1680 0001 6024 9322**

CT Corporation System
800 S Gay Street, Suite 2021
Knoxville, TN 37929-9710

Re: *Angela McCall v. The Fresh Market, Inc.*
Hamilton County Circuit Court, No. 14C681

Dear Sir or Madam:

Enclosed please find the Summons and Complaint for service on Defendant The Fresh Market, Inc. in the above-referenced matter.

Sincerely,

Dana Lingerfelt
Dana Lingerfelt
Paralegal to Grace E. Daniell

Enclosures



**Service of Process Transmittal**
06/02/2014
CT Log Number 525056419

**TO:** Toni Morgan
The Fresh Market, Inc.
628 Green Valley Road, Suite 500
Greensboro, NC 27408

**RE:** **Process Served in Tennessee**

**FOR:** The Fresh Market, Inc. (Domestic State: NC)
*According to our records representation services for this entity have been discontinued in this jurisdiction.*

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Angela Mccall, Pltf. vs. The Fresh Market, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Return, Complaint |
| **COURT/AGENCY:** | Hamilton County Circuit Court, TN<br>Case # 14C681 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - Gender Discrimination, Unwanted Sexual Harassment |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Knoxville, TN |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 06/02/2014 postmarked on 05/30/2014 |
| **JURISDICTION SERVED :** | Tennessee |
| **APPEARANCE OR ANSWER DUE:** | On or before 30 days after service of this summons upon you |
| **ATTORNEY(S) / SENDER(S):** | Grace E. Daniell, P.C.<br>620 Lindsay St.<br>Suite 210<br>Chattanooga, TN 37403<br>423-266-3179 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/02/2014, Expected Purge Date: 06/07/2014<br>Image SOP<br>Email Notification, Toni Morgan tonimorgan@thefreshmarket.net |
| **SIGNED:** | C T Corporation System |
| **PER:** | Amy McLaren |
| **ADDRESS:** | 800 S. Gay Street<br>Suite 2021<br>Knoxville, TN 37929-9710 |
| **TELEPHONE:** | 800-592-9023 |



Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# State of Tennessee

In the Circuit Court of Hamilton County

| | | |
|---|---|---|
| ANGELA MCCALL, | ) | |
| Plaintiff, | ) | NO. 14C681 |
| v. | ) | DIVISION ______ |
| | ) | JURY DEMAND |
| THE FRESH MARKET, INC., | ) | |
| Defendant. | ) | |

FILED IN OFFICE
2014 MAY 30 PM 3:49
PAULA T. THOMPSON, CLERK
BY ______ DC

# SUMMONS

**TO: THE FRESH MARKET, INC.**
**c/o CT Corporation System**
**800 S Gay Street, Suite 2021**
**Knoxville, TN 37929-9710**

You are hereby summoned to answer and make defense to a bill of complaint which has been filed in the Circuit Court of Hamilton County, Tennessee in the above styled case. Your defense to this complaint must be filed in the office of the Circuit Court Clerk of Hamilton County, Tennessee on or before thirty (30) days after service of this summons upon you. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

WITNESSED and Issued this 30 day of May, 2014.

Paula T. Thompson, Circuit Court Clerk

By: ______________________
Deputy Circuit Court Clerk

Attorneys for Plaintiff: Grace E. Daniell
620 Lindsay Street, Suite 210
Chattanooga, TN 37403

Plaintiff's Address: 220 Hidden Forest Drive, Cleveland, TN 37323

Received this ______________ day of ______________________, 2014

/S/ ______________________
Deputy Sheriff

# State of Tennessee
## County of Hamilton

I, Paula T. Thompson, Clerk of the Circuit Court, in and for the State and County aforesaid, hereby certify that the within and foregoing is a true and correct copy of the original writ of summons issued in this case.

Paula T. Thompson, Circuit Court Clerk

By: ______________________________ D.C.

# OFFICERS RETURN

I certify that I served this summons together with the complaint as follows:

[] On, ____________________, 20________, I delivered a copy of the summons and complaint to the defendant, ______________________________________________
______________________________________________

[] Failed to serve this summons within 30 days after its issuance because:
______________________________________________

Jim Hammond, Sheriff

______________________________
Deputy Sheriff

# CLERK'S RETURN

I hereby acknowledge and accept service of the within summons and receive copy of same, this ________ day of ____________________, 20 ________.

______________________________
Defendant

Paula T. Thompson, Circuit Court Clerk

By______________________________ D.C.

## Notice to Defendant(s)

Tennessee law provides a four thousand ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

IN THE CIRCUIT COURT OF HAMILTON COUNTY, TENNESSEE

FILED IN OFFICE
2014 MAY 30 PM 3:48
PAULA T. THOMPSON, CLERK
BY ______ DC

ANGELA MCCALL,

Plaintiff,

v.

THE FRESH MARKET, INC.,

Defendant.

NO. 14C681

DIVISION ______

JURY DEMAND

---

**COMPLAINT**

---

COMES the Plaintiff, Angela McCall, by and through undersigned counsel, and for her cause of action against the Defendant, The Fresh Market, Inc. would respectfully show unto the Court as follows:

**I.**

**JURISDICTIONAL STATEMENT**

1. The jurisdiction of this Court is invoked by the Plaintiff pursuant to Tennessee Code Annotated § 4-21-101, et seq., to secure protection and redress for the deprivation of rights granted by the Tennessee Human Rights Commission statutes providing for relief against harassment and discrimination in employment based upon gender. This Court has jurisdiction pursuant to Tennessee Code Annotated § 4-21-311. The Plaintiff also asserts a cause of action against Defendant for sexual harassment, hostile work environment, retaliation, constructive discharge, negligent infliction of emotional distress, intentional infliction of emotional distress, and negligent supervision and retention of her supervisor, David, and another male employee, Brian.

**II.**

## NATURE OF PROCEEDING

2. This is a proceeding for compensatory damages, damages for mental anguish, abuse, embarrassment and humiliation, and for such additional damages and attorney's fees as may be necessary to effectuate the purposes of the Tennessee Human Rights Act. The Plaintiff also seeks compensatory and punitive damages against Defendant for gender discrimination, sexual harassment, hostile work environment, retaliation, constructive discharge, negligent infliction of emotional distress, intentional infliction of emotional distress, and negligent supervision and retention of her supervisor David and another male employee, Brian.

## III.

## THE PARTIES

3. At all relevant times, Plaintiff was a citizen and resident of Bradley County, Tennessee, and was employed by the Defendant in Hamilton County, Tennessee.

4. Defendant is a Delaware corporation engaged in the business of grocery distribution in Hamilton County, Tennessee. Defendant's business is sufficient to classify Defendant as an employer within the meaning of Tennessee Code Annotated §4-21-102(4), and to make Defendant subject to the provisions of the Tennessee Human Rights Act.

## IV.

## FACTS

5. Plaintiff was employed by Defendant in Hamilton County, Tennessee in approximately May, 2013 as a meat department clerk.

6. During Plaintiff's employment with Defendant, Plaintiff was repeatedly subjected to gender discrimination, unwanted sexual comments and advances, and verbally abusive and demeaning comments by her supervisor, David, and another male employee, Brian.

7. Plaintiff's supervisor, David, immediately began making sexual advances and comments to Plaintiff after she was employed by Defendant. Plaintiff was the only female employee in the meat department. While Plaintiff's supervisor was training Plaintiff, he would tell Plaintiff that he "loved her," that she was the "most beautiful woman," and would ask her if she liked him. He persistently asked her to go out with him. He would try to touch Plaintiff's hands and would get very close to her physically. He would make sexual comments to Plaintiff, while cutting up parts of chickens and preparing the chicken breasts. He referred to female breasts as "titi's." He would also make vulgar and lewd comments to Plaintiff such as, "f**** me, f**** me, f**** me in the a**." These comments were offensive to Plaintiff, made her extremely uncomfortable, and interfered with her work performance. Plaintiff told her supervisor that she was married and not interested in a relationship with him. When Plaintiff would reject the sexual advances by her supervisor, he would become very angry and would retaliate by getting in her face, yelling at her in front of other employees and customers, cursing at her, becoming very critical of her work performance, was abusive, would make her take the trash out, and changed her lunch schedule.

8. Plaintiff's supervisor also treated her differently from the male employees based upon her gender. He would demean her in front of the male employees and customers. He would cause other male employees to be demeaning towards Plaintiff and instruct them to tell Plaintiff to take out the trash but not require the male employees to do the same. Plaintiff's supervisor would constantly yell at Plaintiff and make demeaning comments about her gender, such as telling Plaintiff that she was stupid or that she could not remember anything.

9. On at least one occasion, a customer noticed this behavior by Plaintiff's supervisor and suggested that Plaintiff inform the store manager.

10. Since Plaintiff had just been hired, she was afraid to report her supervisor for fear of losing her job. It was Plaintiff's understanding that her supervisor had been employed with Defendant for many years and he appeared to have a lot of authority at the store. Plaintiff was afraid of what her supervisor would do to her if she reported him.

11. On or about June 15, 2013, Plaintiff was helping customers when she was confronted by another male employee in the meat department, Brian, who would harass and demean Plaintiff and on one occasion told Plaintiff to take lunch 30 minutes earlier than scheduled claiming that she "was not doing anything." Plaintiff had always been instructed that the lunch schedule had to be strictly followed. This male employee was also very hostile and abusive towards Plaintiff. He would laugh when Plaintiff's supervisor, David, would make sexual comments to her and would be abusive towards her. Brian would also belittle Plaintiff and make fun of her because she was female. When Plaintiff continued to help customers, another male employee, Alec, was sent by Brian to also harass Plaintiff and ask why she had not taken her lunch. Alec, however, was very nice to Plaintiff and told her that he could see she was still helping customers. He told Plaintiff that she should walk out of the store and never look back. Plaintiff clocked out for lunch and went to the break room. She was humiliated, embarrassed, nauseous, and on the verge of tears. She walked out that day and was unable to return to work for her next scheduled shift due to the discrimination and harassment at work. Plaintiff sought treatment from her doctor who put her off from work until June 24, 2013.

12. When Plaintiff returned to the store to provide the doctor's excuse for her absence, Plaintiff reported the discrimination and sexual harassment to her store manager but her complaints were ignored. Plaintiff attempted to return to work on several occasions but became physically ill due to the discrimination and sexual harassment she had experienced at work.

13. Another male employee told Plaintiff that she was the third woman that had been harassed at that store by her supervisor, David, and had resigned. She was also told by another male employee that her supervisor, David, only treated her that way because of what she had "between her legs." Plaintiff had also been informed by another female employee that she was treated the same way by David and had also walked out of the store.

14. Defendant violated Plaintiff's rights under the Tennessee Human Rights Act to be free of discrimination, sexual harassment, intimidation, ridicule, and retaliation in the work place. Defendant failed to take prompt and appropriate action to stop the discrimination and sexual harassment of Plaintiff. As a result, Defendant created a hostile working environment for Plaintiff and other female employees for which it is liable. Clearly, the gender discrimination, sexual harassment, abuse, and retaliation interfered with Plaintiff's ability to do her job and resulted in her constructive discharge. Any reasonable person would have felt compelled to resign under these conditions.

15. As a result of the intolerable working conditions created by Defendant, Plaintiff was forced to resign her position with Defendant.

16. As a direct and proximate result of said wrongful actions by the Defendant, Plaintiff has suffered both financially and emotionally. In particular, Plaintiff has suffered mental anguish, outrage, humiliation, embarrassment, loss of wages, loss of future wages, loss of benefits, loss of enjoyment of life and other general damages.

## V.

## FIRST CAUSE OF ACTION – TENNESSEE HUMAN RIGHTS ACT

17. Plaintiff adopts and re-alleges each and every allegation set forth in paragraphs 1 through 16 of the Complaint as if set forth in full herein.

18. Plaintiff was subjected to a pattern of gender discrimination and unwanted sexual harassment by her supervisor, David, and another male employee in the meat department, Brian, which created a hostile work environment for Plaintiff.

19. Plaintiff's supervisor sexually harassed Plaintiff in violation of Tennessee Code Annotated § 4-21-101 et. seq.

20. Defendant is responsible and liable for the acts of its supervisors and employees who discriminated against and/or sexually harassed Plaintiff in violation of Tennessee Code Annotated § 4-21-101 et seq.

21. As a direct and proximate result of said wrongful actions of the Defendant in subjecting Plaintiff to gender discrimination, sexual harassment, and a hostile work environment, Plaintiff has suffered both financially and emotionally. In particular, Plaintiff has suffered mental anguish, outrage, humiliation, embarrassment, loss of wages, loss of future wages, loss of benefits, loss of enjoyment of life and other general damages.

## VI.

## SECOND CAUSE OF ACTION – RETALIATION

22. Plaintiff adopts and re-alleges each and every allegation set forth in paragraphs 1 through 21 of the Complaint as if set forth in full herein.

23. Defendant's supervisor retaliated against Plaintiff as a result of her complaints of discrimination and sexual harassment against her supervisor and another male employee.

24. As a result, Defendant is liable to Plaintiff for the humiliation, embarrassment and emotional distress

25. By reason of the foregoing, Plaintiff has suffered financially and emotionally, as aforesaid.

VII.

## THIRD CAUSE OF ACTION – CONSTRUCTIVE DISCHARGE

26. Plaintiff adopts and re-alleges each and every allegation set forth in paragraphs 1 through 25 of the Complaint as if set forth in full herein.

27. Defendant created intolerable working conditions for Plaintiff.

28. As a result, Plaintiff was compelled to resign her employment with Defendant.

29. By reason of the foregoing, Plaintiff has suffered financially and emotionally, as aforesaid.

VIII.

## FOURTH CAUSE OF ACTION –NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

30. Plaintiff adopts and re-alleges each and every allegation set forth in paragraphs 1 through 29 of the Complaint as if set forth in full herein.

31. Defendant's treatment of Plaintiff as aforesaid constitutes negligent infliction of emotional distress.

32. As a direct and proximate result of Defendant's above actions, Plaintiff has suffered and continues to suffer emotional and/or mental distress, thereby entitling Plaintiff to relief related thereto as aforesaid.

IX.

## FIFTH CAUSE OF ACTION -INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

33. Plaintiff adopts and re-alleges each and every allegation set forth in paragraphs 1 through 32 of the Complaint as if set forth in full herein.

34. Defendant's treatment of Plaintiff as aforesaid constitutes extreme and outrageous behavior which exceeds all bounds usually tolerated by decent society.

35. As a direct and proximate result of Defendant's above actions, Plaintiff has suffered and continues to suffer emotional and/or mental distress, thereby entitling Plaintiff to relief related thereto as aforesaid.

X.

SEVENTH CAUSE OF ACTION - NEGLIGENT SUPERVISION AND RETENTION

36. Plaintiff adopts and re-alleges each and every allegation in paragraphs 1 through 35 of the Complaint as if set forth in full herein.

37. Defendant knew or reasonably should have known that Plaintiff's supervisor, David, was sexually harassing Plaintiff and that her supervisor and another male employee in the meat department, Brain, were discriminating against Plaintiff based upon her gender, and Defendant was negligent in failing to properly supervise them.

38. Defendant was negligent in continuing to allow Plaintiff's supervisor to supervise or have any authority over Plaintiff and other female employees.

39. Defendant is liable to Plaintiff for the negligent supervision and retention of Plaintiff's supervisor, David, and another male employee in the meat department, Brian.

40. As a result of said negligence, Plaintiff has suffered financially and emotionally, as aforesaid.

**PRAYER**

**WHEREFORE,** Plaintiff respectfully prays as follows:

A. That the Court issue and serve process upon the Defendant and that Defendant be required to answer within the time prescribed by law;

B. That the Plaintiff be awarded compensatory damages, including front pay, back pay, the value of all employment benefits which she has lost, and for humiliation, embarrassment, and mental distress, against Defendant in the amount of $500,000.

C. That Plaintiff be awarded punitive damages against the Defendant in an amount to be determined by the jury;

D. That the Plaintiff be awarded her reasonable attorney's fees and cost of this action, together with liquidated damages as provided by law including such further legal or equitable relief as may be appropriate to effectuate the purposes of Tennessee Code Annotated § 4-21-101, et seq.

E. That the Plaintiff be awarded such other and further damages and relief as the Court deems proper;

F. That Plaintiff be provided a trial by jury.

Respectfully submitted,

**GRACE E. DANIELL, P.C.**

BY: ______________________

Grace E. Daniell, P.C. #012045
Attorney for Plaintiff
620 Lindsay St., Suite 210
Chattanooga, TN 37403
(423) 266-3179
(423) 634-8991 (Facsimile)